## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>CONTINENTAL AIRLINES, INC., et. al | ) Chapter 11<br>)<br>) |
| Debtor | )<br>) |
| | ) Case No. 90-932 & 90-933 (SLR) |
| **Brownie N Inman** | ) Civil Action No. 06-569 |
| Appellant<br>    v. | )<br>)<br>) |
| JAMES  BALDRIDGE, WILLIAM MANN<br>and LARRY DUNN.<br>Representatives of the LPP CLAIMANTS, | )<br>)<br>) |
| and | )<br>) |
| CONTINENTAL AIRLINES, INC. | )<br>) |
| Appellees, | ) |

FILED

OCT 1 0 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

## RESPONSE OF APPELLANT TO MOTION OF APPELLEE  CONTINENTAL AIRLINES , INC. FOR AN ORDER (I)DISMISSING APPEALS, (II) AWARDING DAMAGES PURSUANT TO FRAP 38 AND BANKRUPTCY RULE 8020, AND (III) ENJOINING APPELLANTS

---

This appeal is not frivolous.  It is not relitigation.

Mr. Barry threatened me in the last hearing ( 21 July) that he would

make such a motion.  He said that it is Continental's policy to play very hard

with pilots.  Furthermore, he said that the policy was being applied to

another group, Eastern Pilots Merger Committee, to drive them into the

ground including loss of homes and sheer financial desperation.

Mr. Brady did not know the nature of this appeal before he wrote the above motion.  It seems he is cavalier with the Court's time in trying to preempt appeal before it has been stated.  That is: his Motion is rather frivolous, itself.

## NATURE OF THE APPEAL

1.    In the July 21, 2002 Hearing for the Motion to Reopen Judge Walrath of the Bankruptcy Court stated that she did not believe that over 1000 pilots had been eliminated from the Class of LPP Claimants. I believe that she is sincere and has no idea that so many had been eliminated.  She has been deceived.  Approximately 1500 LPP Claimants (Exhibit A) were eliminated by Class Counsel, Class Representatives, and Continental by either **non-notification to eliminate approximately 250 Court approved B listers, (newly added pilots) (Exhibit B) and/or a disingenuous, readily transparent,  argument (below) which eliminated pilots who were hired after 4 Mar 1989 ( "new hires")**

My argument in Bankruptcy Court, which I was not permitted to state, alleges that Miles Tralins, (Class Counsel to the LLP Claimants),  Class Representatives  (Jim Baldridge Larry Dunn, and Bill Mann) and Continental Airlines  have committed fraud in order to remove the names of

2

the ("newhire") LPP Class members from the "A" list using deceit and misdirection.

Specifically in 1991 The Airline Pilots Association(ALPA) filed claims against Continental Airlines ( which had entered bankruptcy) for all pilots on the 1990 Eastern  Pilot Master Seniority List.

The approved and well litigated Nov 1990 Eastern Seniority list (Exhibit C) has 4903 names.  The Edna Smith affidavit (Exhibit D), page 2, 3a, line 6) ) reports that she had 5000 LPP claims that had been filed with Continental on which she had relied to constructed the list to filter Class Counsel's submissions which resulted in the (A list) approved names for the LPP Class Settlement award.  If Edna Smiths 5000 claims estimate is accurate the ("new hire") ( those hired after 4 Mar 89)  pilots must have been valid LPP claimants because they make up roughly 1200 names of the  Nov 1990 Easter Pilot Seniority List.

A very careful reading of the following two paragraphs is necessary.

In Adversary Proceeding No. A 99-412 (Exhibit E, page 3, paragraph 2 and the next page (4) paragraph 3) the story is told how the parties, Continental and Tralins, supposedly were having trouble agreeing about the "newhires" pilots inclusion in the Class of LPP Claimants.  The story continues that they filed a Motion to Clarify but then agreed that because of

he **clear language of the Proofs of Claim filed by ALPA for _enforcement_ of the LPPs against CAL excluded the "newhires" pilots,** and that any ("new hire") who did not have Proof of Claim signed by the undersigned (Tralins). The Court, believing in the integrity of the attorney's involved accepted this logic. But it was but a clever ruse to cover the deletion of the ("new hires") from the Class Action and it seems it has worked, brilliantly.

**The underlined statement in the above paragraph is not true,** The statement was used as the rationale to illegally eliminate over 1000 LPP Claimants.

ALPA was obligated to represent all pilots with the collective bargaining unit including "newhires" for enforcement of LPP Claims. We know that Mr. Tralins, the Class Counsel was representing the "new hire" pilots for enforcement of LPP claims in this Class Action.  The Settlement Order (Attachment F) specifically designates that Class Counsel represents LPP Claimants.

Mr. Tralins and Continental, in a private agreement, with phoney adversarial hearing, deleted the ("new hires") from his submissions to Continental. Edna Smith, an experienced, certified professional, would not have deleted the "newhires" because they had valid claims filed with Continental. . Continental legal could not remove the "newhire" pilots at

4

the Edna Smith level (high integrity) but they could at the Class Counsel level (low integrity).

Continental legal had recruited Mr. Miles Tralins to be Class Counsel of the LPP Plaintiffs, had guided him in the Certification of the Class. He received approximately 79000 shares of Continental Stock (for supposedly representing LPP Claimants) against Continental for his legal services. He had already been paid almost two million dollars by members of Eastern Pilots for Fairness (EPFF) to represent them in this matter. He made approximately three million dollars.

If Mr. Tralins had merely submitted the 1220 ("new hire") pilots he would have received another two and one half million dollars . He readily agreed to the stipulation to eliminate the "newhires", without a whimper but most importantly without an adversarial hearing. The fix was in.

The Court relies on the integrity of the attorneys.

The Bankruptcy Court has been deceived and should know now that the involved attorneys supposedly representing the LPP Claimants and Continental Airlines in an adversarial, arms length, proceeding were, in fact, both representing Continental.

Judge Walrath fairly allowed this Class Action in order to satisfy the claims of all Eastern Airlines LPP pilots that had been registered with

Continental for the Continental Bankruptcy.   However, this blemished

Class Action cannot now be used to make the argument that the LLP claims

have been satisfied.  The claims of all the LPP pilots who have not been

represented are still registered with Continental.  <u>Judge Walrath should not</u>

<u>keep protecting a corrupted debtor and should insure that the eligible LPP</u>

<u>Claimants are truly represented by a Class Counsel who seems to be under</u>

<u>the influence of Continental .</u> If this Class Action is complete, as she ruled,

then arbitration is necessary for approximately 1500 pilots, and I would ask

this Court to direct arbitration to correct their omission from the Class

settlement.

     **<u>Additionally,  248 "B" list pilots (Exhibit B-newly added pilots) who</u>**

**<u>were approved for the offered settlement  have never been informed (to</u>**

**<u>the best of my knowledge) that a settlement was available for them,</u>**

<u>although, Mr. Tralins,  pocketed another 25,000 shares of Continental stock</u>

<u>but  then did not insure those LPP Claimants were informed of the</u>

<u>settlement.</u>   <u>None were informed.</u>    This is the reason that Class

Representatives need to be included in discovery.

     Consequently,   the 79000 shares of CAL stock remains unclaimed,

enough for 330 LPP claimants.    A large number of LPP Claimants never

got the word, although their Class Counsel and Class Representatives got

theirs and had positioned themselves to pick up another 79,000 shares after enough time had elapsed.

## Background

2.    In 1998 Miles Tralins, Class Counsel and Continental entered into a gentlemens' agreement that Tralins would represent all LPP Claimants as a Class.  In exchange Continental would honor the Eastern Pilots for Fairness LPP Claims.   Tralins would Certify the Class and act as Class Counsel. Continental also agreed to pay some of Tralin's legal expenses.

The class was certified in 2000.  Eighteen months later modifications to the Certified Class were agreed upon and stipulated by the supposedly arm's length adversarial legal teams  that the Class members must be on the Nov 1990 Pilot Seniority List, that Class  members must belong to the  Air Line Pilots  Association(ALPA) , and that ("new hires") would be summarily eliminated from consideration of receiving a settlement offering.

The requirement that LPP Claimants had membership in to ALPA was reason alone (if valid) to eliminate 2/3's or  more of the members of the LPP Class.   Even the Class Representatives were not ALPA  members but still claimed their settlements, of course.  The ALPA membership requirement depopulated the Class to render the Class Action a meaningless exercise. It

was only selectively enforced. .

- However, the gentlemens' agreement of 1998 was honored. All the 450 members of Eastern Pilots for Fairness supposedly received and accepted their settlement offering whether or not they were ("new hires"), and whether or not they were ALPA members. EPFF members received the full benefits of the unwritten gentlemen's agreement. If an LPP Claimant was not a member of EPFF he was very likely to be eliminated;  perhaps as a ("new hire"), perhaps as a member of an undiscovered group, or perhaps not even notified that he was eligible.

The remedy for fraud is defined by 18 USC.

In any case, all I ask is that the Court take action to reinstate the 1500 LPP

Claimants who have been deprived of the approved settlement, and  that the

Court supervise those responsible for notification, and distribution of the

settlement  so they perform their assignments with due diligence.

*Brownie Inman*

**Brownie N Inman  Pro Se**
**18905 SW 128 Ct**
**Miami Fl 33177**
**305-2546648 Home**
**305-8015227  Cell**

Ex. A

4903 PILOTS (APPROVED)
DOCKET 440 EXHIBIT 2 ENTIRE LIST
(LAST NUMBER IS 4903)

- 2577 "TAKERS" CONTINENTAL / ALPA
  DOCKET 441 EXHIBIT A
  PAGE 6  FOOTNOTE 1

1224 ELIMINATED FOR
NO VALID REASON
INCLUDING 1219 "NEWHIRES"
BY TRALINS AND CONTINENTAL
BY STIPULATION
DOCKET 441 EXHIBIT A
PAGE 6 - ONE SENTENCE
LINES 9-10.

LIE { ELIMINATED BECAUSE
      ALPA'S PROOF OF CLAIM
      EXCLUDED NEWHIRES

- 321 ADDINGTON GROUP
  DOCKET 441 EXHIBIT
  A LINE 9

- 533 LPP CLAIMANTS
  INITIALLY IDENTIFIED
  "A" LIST DOCKET 441
  LINE 13

- 248 LPP CLAIMANTS
  "RECENTLY IDENTIFIED"
  ON APPEAL BY ONEILL
  "B" LIST DOCKET 441
  EXHIBIT A  PAGE 6
  NOT NOTIFIED OF SETTLEMENT

1472 ELIMINATED

Ex. B

LIST OF ADDITIONAL LPP CLASS ACTION PLAINTIFFS

| | LastName | FirstName | Initials | EAL Seniority Date | EAL Employee Number | Included on Initial Agreed List of 583 LPP Claimants | Included on 11/90 EAL Seniority List | Included on ALPA CAL "Takers List" | Included as Withdrawal of Claim on Bankruptcy Docket Sheet | Included on EAL 3/3/89 Active Service List |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Alexander, Jr. | Wyatt | W.H. | 08/09/65 | 00867 | N | Y | N | N | Y |
| 2 | Alston | Shannon | S.G. | 01/01/68 | 01373 | N | Y | N | N | Y |
| 3 | Anderson | John | J.P. | 03/20/67 | 01640 | N | Y | N | N | Y |
| 4 | Anderson | Sherry | S.F. | 02/04/86 | 01718 | N | Y | N | N | Y |
| 5 | Anderson | Sherman | S.H. | 09/14/87 | 01876 | N | Y | N | N | Y |
| 6 | Angulo | Reynaldo | R.E. | 03/03/88 | 01972 | N | Y | N | N | Y |
| 7 | Antczak | Arthur | A.W. | 07/18/66 | 02178 | N | Y | N | N | Y |
| 8 | Babcock, Jr. | | P.H. | 03/23/73 | 07650 | N | Y | N | N | Y |
| 9 | Baer | William | W.L. | 02/04/88 | 03299 | N | Y | N | N | Y |
| 10 | Baker | Robert | R.L. | 04/10/67 | 03487 | N | Y | N | N | Y |
| 11 | Baker | Johnny | J.W. | 08/27/85 | 03443 | N | Y | N | N | Y |
| 12 | Baldwin | Lewis | L.S. | 02/15/71 | 03598 | N | Y | N | N | Y |
| 13 | Bass | Waylon | W.T. | 03/06/87 | 04639 | N | Y | N | N | Y |
| 14 | Benedict, III | Samuel | S.R. | 04/10/67 | 05582 | N | Y | N | N | Y |
| 15 | Bennington | Thomas | T.E. | 11/05/84 | 05691 | N | Y | N | N | Y |
| 16 | Berlingeri | Mary | M.M. | 11/13/87 | 05847 | N | Y | N | N | Y |
| 17 | Berryman | Larry | L.W. | 06/05/68 | 06022 | N | Y | N | N | Y |
| 18 | Bible | James | J.T. | 02/20/67 | 06211 | N | Y | N | N | Y |
| 19 | Bishop | Brian | B.D. | 08/27/85 | 06494 | N | Y | N | N | Y |
| 20 | Bjork | Richard | R.J. | 10/24/66 | 06626 | N | Y | N | N | Y |
| 21 | Bosch | Steven | S.J. | 11/20/78 | 07849 | N | Y | N | N | Y |
| 22 | Bost, Jr. | James | J.C. | 11/16/84 | 07873 | N | Y | N | N | Y |
| 23 | Bower | Hugh | H.S. | 12/04/78 | 08119 | N | Y | N | N | Y |
| 24 | Bowman | Lewis | L.A. | 03/10/88 | 08191 | N | Y | N | N | Y |
| 25 | Breen, Jr. | Edward | E.J. | 03/23/73 | 08999 | N | Y | N | N | Y |
| 26 | Briscoe, Jr. | Odie | O. | 05/15/86 | 09351 | N | Y | N | N | Y |
| 27 | Brodzinski | Gregory | G.M. | 12/11/87 | 09327 | N | Y | N | N | Y |
| 28 | Brown | Anthony | A.B. | 07/29/68 | 09815 | N | Y | N | N | Y |
| 29 | Buonadonna | Joseph | J.V. | 01/21/86 | 10957 | N | Y | N | N | Y |
| 30 | Burke | Timothy | T.E. | 05/07/85 | 11187 | N | Y | N | N | Y |
| 31 | Burlace, Jr. | Thomas | T.J. | 03/05/56 | 11152 | N | Y | N | N | Y |
| 32 | Cale | Norman | N. | 10/19/59 | 12057 | N | Y | N | N | Y |
| 33 | Campanella | Benjamin | B.F. | 06/26/86 | 12264 | N | Y | N | N | Y |
| 34 | Campbell | Joe | J.C. | 01/23/56 | 12301 | N | Y | N | N | Y |
| 35 | Cannady, Jr. | William | W.H. | 01/13/64 | 12556 | N | Y | N | N | Y |
| 36 | Caress | Michael | M.I. | 08/13/73 | 13760 | N | Y | N | N | Y |
| 37 | Carlisle | Neil | N.R. | 03/23/73 | 13665 | N | Y | N | N | Y |
| 38 | Carney | William | W.J. | 10/11/65 | 12783 | N | Y | N | N | Y |
| 39 | Carroll | James | J.B. | 02/06/67 | 13043 | N | Y | N | N | Y |
| 40 | Carstensen | Alvin | A.H. | 10/08/62 | 13087 | N | Y | N | N | Y |
| 41 | Case | Theodore | T.A. | 02/04/88 | 13625 | N | Y | N | N | Y |
| 42 | Cash | Randall | R.C. | 03/10/88 | 13627 | N | Y | N | N | Y |
| 43 | Chase | Thomas | T.E. | 10/04/65 | 14278 | N | Y | N | N | Y |
| 44 | Church | | G.M. | 01/28/88 | 15131 | N | Y | N | N | Y |
| 45 | Clark | Keith | K.W. | 07/27/70 | 15106 | N | Y | N | N | Y |
| 46 | Collier | Thomas | T.C. | 03/16/64 | 16272 | N | Y | N | N | Y |
| 47 | Collins | | H.M. | 01/07/86 | 16349 | N | Y | N | N | Y |
| 48 | Conaway | William | W.R. | 04/03/67 | 16813 | N | Y | N | N | Y |
| 49 | Cook | Duane | D.D. | 10/08/62 | 17189 | N | Y | N | N | Y |

LIST OF ADDITIONAL LPP CLASS ACTION PLAINTIFFS

| | LastName | FirstName | Initials | EAL Seniority Date | EAL Employee Number | Included on Initial Agreed List of 583 LPP Claimants | Included on 11/90 EAL Seniority List | Included on ALPA CAL "Takers List" | Included as Withdrawal of Claim on Bankruptcy Docket Sheet | Included on EAL 3/3/89 Active Service List |
|---|---|---|---|---|---|---|---|---|---|---|
| 50 | Cook | Dean | D.J. | 06/26/86 | 17174 | N | Y | N | N | Y |
| 51 | Corley | Ronald | R.D. | 07/20/70 | 17768 | N | Y | N | N | Y |
| 52 | Cornell | John | J.B. | 07/27/70 | 17794 | N | Y | N | N | Y |
| 53 | Covers | Gunther | G.E. | 07/31/86 | 18035 | N | Y | N | N | Y |
| 54 | Cowart | John | J.A. | 09/23/68 | 18200 | N | Y | N | N | Y |
| 55 | Cowen | John | J.R. | 06/17/68 | 18199 | N | Y | N | N | Y |
| 56 | Craft | Terry | T.G. | 03/12/73 | 18393 | N | Y | N | N | Y |
| 57 | Crawford | Peter | P.A. | 11/16/70 | 18541 | N | Y | N | N | Y |
| 58 | Crittenden | Clifford | C.W. | 03/06/67 | 18890 | N | Y | N | N | Y |
| 59 | Crow | Kenneth | K.P. | 05/29/68 | 19080 | N | Y | N | N | Y |
| 60 | Culbertson | David | D.L. | 12/11/87 | 19222 | N | Y | N | N | Y |
| 61 | Curtis | Edward | E.M. | 09/26/66 | 19547 | N | Y | N | N | Y |
| 62 | Dalton | David | D.A. | 02/21/85 | 19860 | N | Y | N | N | Y |
| 63 | Daniel | James | J.E. | 09/13/65 | 20065 | N | Y | N | N | Y |
| 64 | Daniell | Wayne | W.L. | 09/14/87 | 20111 | N | Y | N | N | Y |
| 65 | Davidson | Donald | D.C. | 02/04/63 | 20358 | N | Y | N | N | Y |
| 66 | Davis | William | W.H. | 07/27/70 | 20641 | N | Y | N | N | Y |
| 67 | Davis | Jon | J.H. | 08/06/85 | 20470 | N | Y | N | N | Y |
| 68 | Dayon | Roger | R.J. | 01/21/86 | 20684 | N | Y | N | N | Y |
| 69 | Dearman | Bill | B.C. | 06/03/63 | 21293 | N | Y | N | N | Y |
| 70 | Dehart, Jr. | Paul | P.E. | 06/26/86 | 21347 | N | Y | N | N | Y |
| 71 | Demby | William | W.P. | 10/07/68 | 21974 | N | Y | N | N | Y |
| 72 | Denicola, Jr. | Vincent | V.J. | 02/15/71 | 22084 | N | Y | N | N | Y |
| 73 | Dennis | Deborah | D.A. | 02/04/86 | 21827 | N | Y | N | N | Y |
| 74 | Dillard, Jr. | Fielding | F.L. | 06/05/68 | 22447 | N | Y | N | N | Y |
| 75 | Dodson | Ernest | E.C. | 04/17/67 | 22754 | N | Y | N | N | Y |
| 76 | Donovan | Francis | F.R. | 10/02/58 | 22997 | N | Y | N | N | Y |
| 77 | Doto, Jr. | Paul | P. | 11/05/84 | 23206 | N | Y | N | N | Y |
| 78 | Drawbaugh | William | W.C. | 10/09/78 | 23537 | N | Y | N | N | Y |
| 79 | Duke | David | D.L. | 10/23/78 | 23822 | N | Y | N | N | Y |
| 80 | Dusang | William | W.S. | 01/13/64 | 24356 | N | Y | N | N | Y |
| 81 | Dutt | James | J.E. | 02/11/88 | 24348 | N | Y | N | N | Y |
| 82 | Elliott | Erwin | E.B. | 03/25/80 | 25134 | N | Y | N | N | Y |
| 83 | Elliott, III | Donald | D.E. | 11/13/87 | 25209 | N | Y | N | N | Y |
| 84 | Ferguson | Cidney | C.E. | 10/30/87 | 27275 | N | Y | N | N | Y |
| 85 | Fischley | James | J.H. | 08/07/72 | 27416 | N | Y | N | N | Y |
| 86 | Fitzgerald, III | John | J.H. | 02/13/67 | 27585 | N | Y | N | N | Y |
| 87 | Flick | John | J.A. | 01/21/63 | 27814 | N | Y | N | N | Y |
| 88 | Fothergill | Thomas | T.A. | 10/07/63 | 28677 | N | Y | N | N | Y |
| 89 | Fraioli | Gerald | G. | 06/17/68 | 28903 | N | Y | N | N | Y |
| 90 | Fugate | Edward | E.L. | 04/17/67 | 29689 | N | Y | N | N | Y |
| 91 | Funke | Victor | V.R. | 02/15/71 | 29922 | N | Y | N | N | Y |
| 92 | Gallagher | Matthew | M.M. | 05/09/79 | 30180 | N | Y | N | N | Y |
| 93 | Gay | Joel | J.A. | 07/05/66 | 31055 | N | Y | N | N | Y |
| 94 | Gee | Whiteney | W.C. | 08/07/67 | 31120 | N | Y | N | N | Y |
| 95 | Gentile | Frank | F.M. | 03/03/88 | 31350 | N | Y | N | N | Y |
| 96 | Gilmore | Sammy | S.M. | 02/26/73 | 32009 | N | Y | N | N | Y |
| 97 | Gioia | Matthew | M.J. | 10/09/78 | 32204 | N | Y | N | N | Y |
| 98 | Glaze | Mark | M.S. | 01/01/88 | 32327 | N | Y | N | N | Y |

LIST OF ADDITIONAL LPP CLASS ACTION PLAINTIFFS

| | LastName | FirstName | Initials | EAL Seniority Date | EAL Employee Number | Included on Initial Agreed List of 583 LPP Claimants | Included on 11/90 EAL Seniority List | Included on ALPA CAL "Takers List" | Included as Withdrawal of Claim on Bankruptcy Docket Sheet | Included on EAL 3/3/89 Active Service List |
|---|---|---|---|---|---|---|---|---|---|---|
| 99 | Goachee, Jr. | James | J.C. | 05/02/66 | 32525 | N | Y | N | N | Y |
| 100 | Goers | Greg | G.L. | 08/14/86 | 32599 | N | Y | N | N | Y |
| 101 | Golden | Robert | R.T. | 03/05/78 | 32890 | N | Y | N | N | Y |
| 102 | Goodson | Thomas | T.E. | 02/28/79 | 32928 | N | Y | N | N | Y |
| 103 | Gore | Samuel | S.T. | 02/20/67 | 33014 | N | Y | N | N | Y |
| 104 | Griffith | Harvey | H.L. | 02/12/62 | 34303 | N | Y | N | N | Y |
| 105 | Grubbs | Thomas | T.M. | 08/31/87 | 34972 | N | Y | N | N | Y |
| 106 | Hair, Jr. | James | J.E. | 07/05/66 | 35595 | N | Y | N | N | Y |
| 107 | Halsey | William | W.T. | 09/12/66 | 35895 | N | Y | N | N | Y |
| 108 | Haney | Richard | R.S. | 02/28/79 | 36096 | N | Y | N | N | Y |
| 109 | Hanley | Russell | R.G. | 03/13/67 | 36080 | N | Y | N | N | Y |
| 110 | Hanson, III | Elighue | E.G. | 03/10/88 | 36385 | N | Y | N | N | Y |
| 111 | Harper, Jr. | | O.M. | 04/03/87 | 36790 | N | Y | N | N | Y |
| 112 | Harris | James | J.P. | 10/31/66 | 36860 | N | Y | N | N | Y |
| 113 | Hauswirth | John | J.A. | 11/20/78 | 37860 | N | Y | N | N | Y |
| 114 | Heins | Peter | P.S. | 01/31/79 | 38497 | N | Y | N | N | Y |
| 115 | Henderson, Jr. | Robert | R.T. | 06/04/85 | 38686 | N | Y | N | N | Y |
| 116 | Herrington | Michael | M.C. | 10/15/85 | 39156 | N | Y | N | N | Y |
| 117 | Hillery | Robert | R.W. | 01/28/85 | 39793 | N | Y | N | N | Y |
| 118 | Hisel | Louis | L.W. | 08/08/66 | 40176 | N | Y | N | N | Y |
| 119 | Hiss, Jr. | James | J.L. | 11/08/65 | 40179 | N | Y | N | N | Y |
| 120 | Hitchcock | Douglas | D.W. | 02/28/85 | 40158 | N | Y | N | N | Y |
| 121 | Hoffman | William | W.J. | 11/01/65 | 40482 | N | Y | N | N | Y |
| 122 | Hoffmann | David | D.S. | 01/29/73 | 41402 | N | Y | N | N | Y |
| 123 | Holliday | Harry | H.L. | 11/22/84 | 40871 | N | Y | N | N | Y |
| 124 | Homer | William | W.J. | 10/19/59 | 41145 | N | Y | N | N | Y |
| 125 | Howard | Carol | C.H. | 08/15/66 | 41777 | N | Y | N | N | Y |
| 126 | Huebel | Jared | J.M. | 10/09/61 | 42188 | N | Y | N | N | Y |
| 127 | Huston, Jr. | Herbert | H.W. | 12/11/87 | 42836 | N | Y | N | N | Y |
| 128 | Hyde, Jr. | James | J.A. | 09/13/65 | 43085 | N | Y | N | N | Y |
| 129 | Iafrate | Frank | F.J. | 04/06/73 | 43145 | N | Y | N | N | Y |
| 130 | Iverson, Jr. | | R.W. | 02/15/71 | 43422 | N | Y | N | N | Y |
| 131 | Jackson | Julian | J.A. | 03/17/88 | 43515 | N | Y | N | N | Y |
| 132 | Jeck | Dennis | D.A. | 02/28/79 | 44057 | N | Y | N | N | Y |
| 133 | Johnson | Walter | W.H. | 11/28/66 | 44695 | N | Y | N | N | Y |
| 134 | Johnson, Jr. | | P.A. | 02/17/86 | 44596 | N | Y | N | N | Y |
| 135 | Joulwan | Thomas | T.M. | 03/17/88 | 45903 | N | Y | N | N | Y |
| 136 | Justice | Brent | B.F. | 03/03/86 | 46058 | N | Y | N | N | Y |
| 137 | Kahn | Garry | G.S. | 01/08/73 | 46094 | N | Y | N | N | Y |
| 138 | Kalbaugh | Karen | K.L. | 03/10/88 | 46129 | N | Y | N | N | Y |
| 139 | Kalvin | Michael | M.E. | 03/28/85 | 46228 | N | Y | N | N | Y |
| 140 | Kasten | Donald | D.A. | 08/07/67 | 46298 | N | Y | N | N | Y |
| 141 | Katstra | Robert | R.J. | 07/01/63 | 46307 | N | Y | N | N | Y |
| 142 | Kennedy | Allen | A.F. | 01/25/71 | 47025 | N | Y | N | N | Y |
| 143 | Kingsley | Clint | C.R. | 10/31/66 | 48171 | N | Y | N | N | Y |
| 144 | Klemstine | George | G.F. | 12/16/63 | 48580 | N | Y | N | N | Y |
| 145 | Knepper | John | J.D. | 09/09/68 | 48840 | N | Y | N | N | Y |
| 146 | Knoblauch | Keith | K.A. | 06/04/85 | 48924 | N | Y | N | N | Y |
| 147 | Koenigh | Karen | K.S. | 01/07/86 | 49210 | N | Y | N | N | Y |

LIST OF ADDITIONAL LPP CLASS ACTION PLAINTIFFS

| | LastName | FirstName | Initials | EAL Seniority Date | EAL Employee Number | Included on Initial Agreed List of 583 LPP Claimants | Included on 11/90 EAL Seniority List | Included on ALPA CAL "Takers List" | Included as Withdrawal of Claim on Bankruptcy Docket Sheet | Included on EAL 3/3/89 Active Service List |
|---|---|---|---|---|---|---|---|---|---|---|
| 148 | Kopp | Wayne | W.A. | 07/25/66 | 49424 | N | Y | N | N | Y |
| 149 | Laird | Rodolph | R.M. | 10/07/68 | 50314 | N | Y | N | N | Y |
| 150 | Land | Howard | H.W. | 03/12/73 | 50466 | N | Y | N | N | Y |
| 151 | Lawhorne | David | D.A. | 05/14/85 | 51303 | N | Y | N | N | Y |
| 152 | Leiby | Thomas | T.E. | 03/04/68 | 51958 | N | Y | N | N | Y |
| 153 | Lenhardt, Jr. | Herman | H.M. | 03/03/88 | 52159 | N | Y | N | N | Y |
| 154 | Lewis, Jr. | Thomas | T.H. | 05/22/67 | 52337 | N | Y | N | N | Y |
| 155 | Lockhart | Neil | N.E. | 08/05/63 | 53065 | N | Y | N | N | Y |
| 156 | Macha | Michal | M.O. | 12/11/87 | 54621 | N | Y | N | N | Y |
| 157 | Maddox | Edgar | E.C. | 01/13/64 | 54748 | N | Y | N | N | Y |
| 158 | Malchow | Kenneth | K.R. | 08/01/66 | 54989 | N | Y | N | N | Y |
| 159 | Mancil, Jr. | Thadious | T.D. | 08/06/85 | 59616 | N | Y | N | N | Y |
| 160 | Marquardt | Jamese | J.E. | 11/08/65 | 55484 | N | Y | N | N | Y |
| 161 | Marsh | | L.W. | 03/16/64 | 55508 | N | Y | N | N | Y |
| 162 | Martisius | Eric | E.D. | 09/12/66 | 56153 | N | Y | N | N | Y |
| 163 | Mason | Philip | P.A. | 10/31/66 | 56288 | N | Y | N | N | Y |
| 164 | Massey | Roderick | R.A. | 08/21/84 | 56267 | N | Y | N | N | Y |
| 165 | Mc Clellan | Robert | R.A. | 07/29/68 | 57363 | N | Y | N | N | Y |
| 166 | Mc Clure | Jon | J.W. | 02/05/68 | 57422 | N | Y | N | N | Y |
| 167 | Mc Cory | Craig | C.W. | 03/10/88 | 54565 | N | Y | N | N | Y |
| 168 | Mc Coy | Frank | F.D. | 04/17/67 | 57681 | N | Y | N | N | Y |
| 169 | Mc Cracken, II | David | D.H. | 07/24/72 | 57713 | N | Y | N | N | Y |
| 170 | Mc Garry | Glenn | G.J. | 10/08/85 | 54610 | N | Y | N | N | Y |
| 171 | Mc Hugh | John | J.D. | 10/08/62 | 58665 | N | Y | N | N | Y |
| 172 | Mc Innis | John | J.M. | 01/28/88 | 58773 | N | Y | N | N | Y |
| 173 | Mc Laughlin | Lawrence | L.V. | 05/02/66 | 59076 | N | Y | N | N | Y |
| 174 | Mc Stravick | Leo | L.J. | 07/17/72 | 59452 | N | Y | N | N | Y |
| 175 | Mentzer | Donald | D.M. | 02/20/67 | 59739 | N | Y | N | N | Y |
| 176 | Mercer | David | D.E. | 12/06/65 | 59765 | N | Y | N | N | Y |
| 177 | Miller | Bob | B.T. | 10/07/68 | 60516 | N | Y | N | N | Y |
| 178 | Miller | Charles | C.A. | 12/28/70 | 60565 | N | Y | N | N | Y |
| 179 | Miller | Robert | R.K. | 11/22/84 | 60378 | N | Y | N | N | Y |
| 180 | Moine | Francis | F.C. | 06/11/85 | 61400 | N | Y | N | N | Y |
| 181 | Monte | | N.A. | 02/17/86 | 61600 | N | Y | N | N | Y |
| 182 | Moore | Richard | R.W. | 11/01/65 | 61772 | N | Y | N | N | Y |
| 183 | Nash | Frank | F.L. | 08/21/84 | 11660 | N | Y | N | N | Y |
| 184 | Nepute | Joseph | J.A. | 02/11/88 | 64035 | N | Y | N | N | Y |
| 185 | Nims | Richard | R.E. | 08/07/67 | 64791 | N | Y | N | N | Y |
| 186 | Nordhaus | Robert | R.L. | 01/10/66 | 65010 | N | Y | N | N | Y |
| 187 | Oswald | Duane | D.R. | 10/07/63 | 66405 | N | Y | N | N | Y |
| 188 | Owen | Floyd | F.M. | 01/07/85 | 66463 | N | Y | N | N | Y |
| 189 | Parsons | David | D.W. | 09/14/70 | 67324 | N | Y | N | N | Y |
| 190 | Paschall | Thomas | T.M. | 02/20/67 | 67443 | N | Y | N | N | Y |
| 191 | Pennypacker | Douglas | D.A. | 03/17/88 | 68396 | N | Y | N | N | Y |
| 192 | Pettengill | David | D.E. | 07/15/68 | 69151 | N | Y | N | N | Y |
| 193 | Preseault | John | J.P. | 10/21/63 | 70877 | N | Y | N | N | Y |
| 194 | Pritchard | Peter | P.C. | 08/09/65 | 71095 | N | Y | N | N | Y |
| 195 | Probst-Jones | Lore | L. | 04/14/86 | 71153 | N | Y | N | N | Y |
| 196 | Quigley | Richard | R.E. | 01/11/66 | 71711 | N | Y | N | N | Y |

LIST OF ADDITIONAL LPP CLASS ACTION PLAINTIFFS

| | LastName | FirstName | Initials | EAL Seniority Date | EAL Employee Number | Included on Initial Agreed List of 583 LPP Claimants | Included on 11/90 EAL Seniority List | Included on ALPA CAL "Takers List" | Included as Withdrawal of Claim on Bankruptcy Docket Sheet | Included on EAL 3/3/89 Active Service List |
|---|---|---|---|---|---|---|---|---|---|---|
| 197 | Ranke | Donald | D.E. | 03/18/63 | 72169 | N | Y | N | N | Y |
| 198 | Ray | Ronald | R.D. | 09/04/84 | 72555 | N | Y | N | N | Y |
| 199 | Reiley | Michael | M.T. | 12/17/79 | 73131 | N | Y | N | N | Y |
| 200 | Reilly | Patrick | P.M. | 01/26/73 | 73128 | N | Y | N | N | Y |
| 201 | Reynolds | Hobson | H. | 10/27/80 | 73482 | N | Y | N | N | Y |
| 202 | Riley | Charles | C.F. | 05/09/79 | 74133 | N | Y | N | N | Y |
| 203 | Robertson | | T.N. | 01/21/86 | 74812 | N | Y | N | N | Y |
| 204 | Robinson | Lee | L.A. | 03/21/85 | 74933 | N | Y | N | N | Y |
| 205 | Robinson | Jonathan | J.S. | 10/05/87 | 74862 | N | Y | N | N | Y |
| 206 | Rogers | Thomas | T.E. | 10/07/68 | 75311 | N | Y | N | N | Y |
| 207 | Sanders | Ronald | R.J. | 09/14/70 | 77504 | N | Y | N | N | Y |
| 208 | Schenck | Norman | N.W. | 04/18/85 | 78022 | N | Y | N | N | Y |
| 209 | Schiele | Carl | C.J. | 05/05/86 | 78000 | N | Y | N | N | Y |
| 210 | Schorn | Paul | P.C. | 12/13/65 | 78468 | N | Y | N | N | Y |
| 211 | Selman, Jr. | Richard | R.J. | 11/16/70 | 79519 | N | Y | N | N | Y |
| 212 | Shapiro | Jerome | J.A. | 10/05/87 | 79904 | N | Y | N | N | Y |
| 213 | Sherman | Scott | S.A. | 03/28/85 | 80445 | N | Y | N | N | Y |
| 214 | Shlapak | Milton | M.W. | 11/21/66 | 80685 | N | Y | N | N | Y |
| 215 | Simmonds | Robert | R.M. | 10/05/70 | 81142 | N | Y | N | N | Y |
| 216 | Smith | James | J.D. | 12/11/72 | 83245 | N | Y | N | N | Y |
| 217 | Smith | Robert | R.L. | 03/07/85 | 82277 | N | Y | N | N | Y |
| 218 | Speth | Walter | W.L. | 07/24/72 | 84018 | N | Y | N | N | Y |
| 219 | Sprigman, III | Arthur | A.E. | 11/15/65 | 84273 | N | Y | N | N | Y |
| 220 | Stahl | John | J.R. | 10/15/85 | 84730 | N | Y | N | N | Y |
| 221 | Starkman | Earl | E.M. | 01/03/67 | 84763 | N | Y | N | N | Y |
| 222 | Stiffler | Robert | R.A. | 06/13/66 | 85705 | N | Y | N | N | Y |
| 223 | Stokes, II | John | J.B. | 07/17/72 | 85768 | N | Y | N | N | Y |
| 224 | Stringer | James | J.M. | 09/05/79 | 86243 | N | Y | N | N | Y |
| 225 | Sullivan | John | J.B. | 04/09/73 | 86566 | N | Y | N | N | Y |
| 226 | Summers, Jr. | Daniel | D.C. | 09/23/63 | 86625 | N | Y | N | N | Y |
| 227 | Sundberg | Gary | G.L. | 12/13/65 | 86653 | N | Y | N | N | Y |
| 228 | Swanson | | D.E. | 08/26/63 | 86801 | N | Y | N | N | Y |
| 229 | Swanson | Douglas | D.B. | 09/14/70 | 86814 | N | Y | N | N | Y |
| 230 | Thomas | Wayne | W.L. | 01/21/86 | 88514 | N | Y | N | N | Y |
| 231 | Thorne | John | J.R. | 01/18/71 | 89210 | N | Y | N | N | Y |
| 232 | Tilley | Marshall | M.D. | 12/11/72 | 89494 | N | Y | N | N | Y |
| 233 | Todd | Bobby | B.G. | 10/05/87 | 89712 | N | Y | N | N | Y |
| 234 | Tristani | John | J.P. | 02/20/67 | 90286 | N | Y | N | N | Y |
| 235 | Turnipseed | Joseph | J.D. | 07/31/72 | 90720 | N | Y | N | N | Y |
| 236 | Tuttle | | M.J. | 03/20/67 | 90755 | N | Y | N | N | Y |
| 237 | Uzzle | Donald | D.C. | 10/31/66 | 91092 | N | Y | N | N | Y |
| 238 | Van Hoy | Larry | L.N. | 08/07/72 | 91332 | N | Y | N | N | Y |
| 239 | Van Liew | Gregory | G.R. | 11/27/87 | 92013 | N | Y | N | N | Y |
| 240 | Vanecek | | F.J. | 10/29/85 | 91322 | N | Y | N | N | Y |
| 241 | Walters | John | J.M. | 10/05/87 | 92904 | N | Y | N | N | Y |
| 242 | Ward | Paul | P.B. | 07/18/66 | 93073 | N | Y | N | N | Y |
| 243 | Warfield | Steven | S.B. | 09/14/70 | 93084 | N | Y | N | N | Y |
| 244 | Waugh | Robert | R.D. | 01/17/66 | 93745 | N | Y | N | N | Y |
| 245 | Weidman | Richard | R.D. | 02/14/80 | 94220 | N | Y | N | N | Y |

LIST OF ADDITIONAL LPP CLASS ACTION PLAINTIFFS

| | LastName | FirstName | Initials | EAL Seniority Date | EAL Employee Number | Included on Initial Agreed List of 583 LPP Claimants | Included on 11/90 EAL Seniority List | Included on ALPA CAL "Takers List" | Included as Withdrawal of Claim on Bankruptcy Docket Sheet | Included on EAL 3/3/89 Active Service List |
|---|---|---|---|---|---|---|---|---|---|---|
| 246 | Weston | Paul | P.D. | 08/15/66 | 94760 | N | Y | N | N | Y |
| 247 | White | Robert | R.P. | 11/21/66 | 95360 | N | Y | N | N | Y |
| 248 | Whiteaker | Jerry | J.D. | 02/07/66 | 95185 | N | Y | N | N | Y |
| 249 | Wills | Dennis | D.H. | 12/06/65 | 96781 | N | Y | N | N | Y |
| 250 | Wilson, III | Hugh | H.A. | 08/26/68 | 96994 | N | Y | N | N | Y |
| 251 | Wirth | | R.G. | 07/24/72 | 97302 | N | Y | N | N | Y |
| 252 | Wolbert | Joseph | J.P. | 01/21/63 | 97473 | N | Y | N | N | Y |
| 253 | Wood, III | Neal | N.S. | 11/13/67 | 97826 | N | Y | N | N | Y |
| 254 | Zalar | Joseph | J. | 03/23/73 | 99201 | N | Y | N | N | Y |
| 255 | Zelinka | | F.L. | 03/24/88 | 99330 | N | Y | N | N | Y |
| 256 | Zenishek | Gary | G.D. | 03/17/86 | 99410 | N | Y | N | N | Y |

Ex. C

| C | SNRTY NBR | EMPL NBR | LAST | N A M E INIT | SRTY DATE | AUG 01,89 CATEG.-DOM | ID 1234 | RET/BPT CATEG.-DOM-TYP | OCT 01,89 CATEG.-DOM | ID 1234 | RET/BPT CATEG.-DOM-TY |
|---|-----------|----------|------|---------------|-----------|----------------------|---------|------------------------|----------------------|---------|------------------------|
| | 4901 | 51580 | COLE | M.M. | 08-07-89 | | | | SO 727 JFK | | |
| | 4902 | 51714 | MCGUIRE | M. | 08-07-89 | | | | SO 727 JFK | | |
| | 4903 | 51538 | NEATHERS | L.N. | 08-07-89 | | | | SO 727 JFK | | |

**TOTAL CREW MEMBERS    4,894**

- - - - - - - - - - - - - - - IDENT CODE- - - - - - - - - - - - - - -

| | | | SUPERVISORY CODE |
|---|---|---|---|
| 1 = CURTAILED | 5 = 28-G-1B - UPGRADE | A = WAIT FOR CP-727 | * = 950 - DOMICILE |
| 2 = DISPLACED | 6 = 28-J | B = WAIT FOR CP-DC9 | # = 930 - TRAINING |
| 3 = 28-G-6A - 15 MONTH LOCK | 7 = 28-L-3C | C = GAIN FURTHER EXPERIENCE | ∂ = SPECIAL |
| 4 = 28-G-6B - 15 MONTH LOCK | 8 = 28-G-6A - 24 MONTH LOCK | U = UNASSIGNED | |

Ex. D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CONTINENTAL AIRLINES, INC., | ) | Case Nos. 90-932 (MFW) |
| et al., | ) | through 90-984 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| JAMES BALDRIDGE, WILLIAM | ) | |
| MANN and LARRY DUNN, individually | ) | |
| and as representatives of a class of persons | ) | |
| similarly situated who are referred to as | ) | |
| the LPP CLAIMANTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. A-99-412 |
| CONTINENTAL AIRLINES HOLDINGS, | ) | Class Action |
| INC., CONTINENTAL AIRLINES, | ) | |
| INC. and SYSTEM ONE HOLDINGS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## AFFIDAVIT OF EDNA SMITH

| | | |
|---|---|---|
| COUNTY OF HARRIS | ) | ss: |
| | ) | |
| STATE OF TEXAS | ) | |

Edna Smith, being duly sworn, deposes and says:

1.    I have been employed by Continental Airlines, Inc. ("Continental") since 1985

and I am currently a Litigation Analyst in the Continental legal department. I have been directly

involved in the administration of proofs of claims in the above-captioned bankruptcy proceeding

since Continental created the claims group in 1990. I am duly authorized to execute this affidavit and unless otherwise indicated, the facts and information set forth herein are based on my personal knowledge.

2.    I worked with Continental's in-house and outside counsel and counsel for the Plaintiffs to prepare Exhibit A to the proposed Amended Order Granting Class Certification, a copy of which is attached hereto. It is my belief and understanding that the attached Exhibit A is a complete and accurate list of all persons properly included as plaintiffs in the above-captioned class action adversary proceeding.

3.    The attached Exhibit A was compiled as follows:

(a)    I and those under my direct supervision and control reviewed the Official Claims Register maintained in these bankruptcy cases and identified any proof of claim that may have been filed by a former employee of Eastern Airlines who claimed they were entitled to the benefits of the collective bargaining agreement between Eastern Airlines and the Air Line Pilots Association (the "Eastern CBA") in effect at the time that Eastern Airlines allegedly merged with Continental Airlines Holdings, Inc. This resulted in an initial list of more than 5,000 claims.

(b)    Each proof of claim was pulled and reviewed by me personally or those under my direct supervision and control to determine if the basis of the claim was for equitable relief or damages as a result of Continental's alleged violations of the labor protective provisions (the "LPP's") of the Eastern CBA. I deleted from the list those proofs of claim that did not meet the criteria set forth above.

2

(c)    I then reviewed the list of all those claimants who had settled and released their claims against the Debtors as a result of that certain settlement agreement between the Debtors and the Air Line Pilots Association (the "ALPA Settlement"). Each claimant that had accepted the ALPA Settlement was removed from the list.

(d)    I then reviewed a list prepared by Continental's outside counsel of all those claimants who had filed a notice withdrawing their proofs of claim in these proceedings. This group is referred to as the "Addington Group." Each claimant that had withdrawn his or her claim was removed from the list.

(e)    I was then supplied with a list prepared by class counsel to the Plaintiffs of those persons that he believed would be properly included in the class. I reconciled the two lists, doing further research into a claim or claimant where necessary and I did identify certain additional claimants that were properly included in the class. The result of these efforts, which took more than 80 hours, is the list attached hereto as Exhibit A.

4.    Based on the foregoing, I submit that the list attached hereto as Exhibit A is a complete and accurate list of all persons properly included as plaintiffs in the above-captioned class action adversary proceeding.

Dated: January 2, 2002
Houston, Texas

_Edna Smith_
Edna Smith

CHERYL RUSSELL
Notary Public, State of Texas
My Commission Expires
October 21, 2004

Notary: _Cheryl Russell_

3

WP3:715726.1

4S085.1005

Ex. E.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:                                            }
                                                  }          Case No. 90-932
CONTINENTAL AIRLINES, INC., et. al.,              }          Chapter 11
                                                  }
              Debtors                             }
                                                  }
_____ }
                                                  }
JAMES BALDRIDGE, WILLIAM MANN,                    }          Adversary Proceeding
and LARRY DUNN, individually, and                 }          No. A-99-412
as representatives of a class of persons          }          Class Action
similarly situated who are referred to as         }
the LPP CLAIMANTS,                                }
                                                  }
              Plaintiffs,                          }          Objections Due: 5/10/02
v.                                                }
                                                  }          Hearing Date: 5/17/02 @ 1:00 P.M.
CONTINENTAL AIRLINES HOLDINGS,                    }
INC., CONTINENTAL AIRLINES,                       }
INC. and SYSTEM ONE HOLDINGS, INC.}
                                                  }
              Defendants.                          }
_____ }

**MOTION OF CLASS ACTION PLAINTIFFS FOR FINDING THAT NEWLY
IDENTIFIED FORMER EAL PILOTS ARE MEMBERS OF THE CLASS,
FOR ENTRY OF ORDER REQUIRING CAL TO FUND THE SETTLEMENT
FOR THE NEW CLASS MEMBERS, FOR 90 DAY EXTENSION OF TIME TO
PROVIDE NOTICE AND FOR APPROVAL OF FORM OF NOTICE**

The LPP Class Action Plaintiffs respectfully request the Court to issue an order

finding that 256 newly identified former Eastern Airlines (EAL) pilots listed on Exhibit A

appended hereto are members of the Class certified herein (the "New Members"). The

New Members are covered under the defined class in this matter because they (1) were

Adversary Proceeding
No. A-99-412
Class Action

members of EAL's flight deck collective bargaining unit who are identified on Eastern

Airlines' November 1990 seniority list; (2) did not settle, waive or relinquish their LPP

claims with Continental; and (3) did not withdraw their proofs of claim on or before April

15, 2000 as part of the group that moved to intervene herein as members of the Class.

Continental disputes that the New Members satisfy the requirements for inclusion in the

Class.    The disagreement between Continental and the Class Action Plaintiffs is as

follows: The Class Action Plaintiffs contend that the New Members are members of the

Class because they were included in the Proof of Claim filed by ALPA and never settled

or otherwise withdrew that claim.  Continental contends that the New Members are not

members of the Class because they did not file individual proofs of claims.

      The Class Action Plaintiffs also request that the Court direct Continental to fund

the settlement for the New Members forthwith and to grant a sixty (60) day extension

from the current bar date of June 3, 2002 until August 2, 2002, for the filing of Proofs of

Claim by the New Members in order to provide Class Counsel with sufficient time to

serve Notice on said persons of their right to participate in the Class Settlement. In

support of this Motion, the Class Action Plaintiffs' state:

      1.    On February 3, 2000, this Court entered its Order Granting Class

Certification. The class was certified as follows:

> All Eastern Airlines former flight deck employees who claim
> they are entitled to the benefits of the collective bargaining
> agreement (the "CBA") between Eastern Airlines and the Air
> Line Pilots Association in effect at the time that Eastern Airlines
> allegedly merged with Continental Airlines Holdings, Inc. who

2

Adversary Proceeding
No. A-99-412
Class Action

filed a timely claim in the above-entitled reorganization of
Continental Airlines, Inc., Case No. 90-932 (the "Reorganization")
for enforcement of the labor protective privileges embodied in
the CBA (hereafter "the Class Members"), *except* (1) those persons
who settled, waived or relinquished his or her LPP claim with
Continental and (2) those persons who moved to intervene herein,
pursuant to the "Motion to Intervene in Adversary Proceedings"
filed November 11, 1999 and who file a notice of withdrawal of
his or her Proof of Claim in this Reorganization with the Clerk
of the Bankruptcy Court for the district of Delaware on or before
April 15, 2000.

Docket Nos. 26 and 27, Opinion and Order Granting Class Certification dated February

3, 2000.

2.    The LPP Class Action Plaintiffs subsequently moved for the entry of an

order clarifying the method of identifying class members because of problems the

parties were having in deciding whether certain persons were members of the Class.

Docket No. 52; LPP Class Action Plaintiffs' Motion to Clarify Method of Identifying Class

Members)  The problems concerned the interpretation and application of the phrase

*"who filed a timely claim"* in the class definition and, more specifically,  whether "new

hires" employed by Eastern after ALPA pilots went on strike on March 4, 1989, are part

of the Plaintiff Class.   The LPP Plaintiffs contended that all EAL flight deck crew

members are entitled to participate in the Class, including the "new hires" because they

were entitled to the benefits of the ALPA/EAL collective bargaining agreement.  CAL

contended that only those pilots who filed claims in bankruptcy are entitled to

participate.

3

Adversary Proceeding
No. A-99-412
Class Action

3.    After the Motion to Clarify was filed, the LPP Class Action Plaintiffs and CAL

agreed that because the clear language of the Proofs of Claim filed by ALPA for

enforcement of the EAL LPPs against CAL excluded the "new hires" and was limited to

persons who were EAL ALPA members pre-strike (before March 4, 1989), any new hire

who did not file a Proof of Claim or have a Proof of Claim filed for him or her by the

undersigned would fall outside the class definition and he or she would not be eligible to

participate in the class settlement.  The parties also agreed that in order to ensure that

the participants in the Class were active employees of EAL as of its January 19, 1991

shutdown,  an eligible pilot had to be listed on EAL's November 1990 Alphabetical

Seniority List.

4.    On July 10, 2001, the Court entered its Order Granting Class Action

Plaintiffs' Motion to Clarify Method of Identifying Class Members by including the

requirement that eligible pilots had to be listed on EAL's November 1990 Alphabetical

Seniority List.  The Court also required the eligible pilots to be "*members of Eastern's

flight deck collective bargaining unit*" rather than simply former EAL flight deck

employees "who claim they are entitled to the benefits of the collective bargaining

agreement (the "CBA") between Eastern Airlines and the Air Line Pilots Association."

This clarification comported with the parties' agreement that in order to participate in the

Class, pilots had to be active with EAL as of the stipulated date of merger, (i.e.: EAL's

shutdown date), and that "new hires" who did not file claims or have claims filed for

them would be excluded from the class as they were not part of the EAL pilots who

4

Adversary Proceeding
No. A-99-412
Class Action

were members of ALPA and they did not individually file timely claims for enforcement of the LPPs in these proceedings.   (Docket No. 56; Order Granting Motion to Clarify Method of Identifying Class Members)

5.    As a result of the foregoing, the parties mutually identified 583 LPP Class Action Plaintiffs.  The Court, recognizing that there may be additional persons covered by the class definition, expressly stated at the preliminary settlement hearing conducted on November 16, 2001, the fairness hearing conducted on January 31, 2002, and the hearing on the O'Neill post trial motions conducted on April 2, 2002, that it would not limit the list of class members to the 583 persons identified by the parties but would leave the door open for persons who claimed they met the class definition to be included in the Class.  In doing so, the Court expressly stated that if the parties could not agree as to whether certain persons are or are not members of the Class, that the Court would resolve the issue --- hence, this Motion.

6.    Throughout these proceedings, Class Counsel has been working diligently to ensure that all persons who meet the class definition are identified and provided with notice of the settlement.  As a result of the O'Neill appeal and the receipt of joinders in that appeal from persons not previously identified as class members who appear to qualify, as well as advice from CAL received in early April 2002 that it had discovered 248 persons who were previously not identified as class members but who might be members of the class, the undersigned decided to redo the data research conducted last year and shared with CAL.  Accordingly, the undersigned retained a new data

5

Adversary Proceeding
No. A-99-412
Class Action

processing firm to input the entire November 1990 EAL Alphabetical Seniority List

consisting of 3,387 persons into a databank, including each pilot's seniority number and

date of hire (the "Master List"). The data processors then inputted the agreed list of 583

LPP Claimants and deleted them from the Master List. The data processors then

inputted all of the EAL pilot names and employee numbers identified on the list of

persons who elected to participate in the 1994 ALPA/CAL Settlement which was

prepared by Continental and provided to the undersigned (the "Takers List") and deleted

those persons from the Master List[1]. The data processors then worked directly from the

Bankruptcy Court docket sheets to identify, input and delete the 321 Addington/EPMC

pilots who withdrew their claims against CAL from the Master List. The data processors

then deleted from the list all of the remaining "new hires" by deleting all pilots with a

seniority date on or after March 3, 1989. The resulting Preliminary List of additional

LPP Plaintiffs consisted of 533 pilots.

7.    The next step was to verify how many of the 533 pilots on the Preliminary

List filed timely claims in the CAL bankruptcy.    On March 24, 1994, ALPA and

Continental entered into a Claims Settlement Agreement for purposes of settling the

EAL LPP claims ALPA filed against CAL on behalf of its pre-strike members[2]. (A copy

---

[1]    1,396 of the 2,577 pilots identified by Continental as "Takers" are listed on
the November 1990 EAL Alphabetical Seniority List

[2]    Paragraph 2 of the Claims Settlement Agreement defined "Eligible
Pilots" as "all pilots who were in the active service of Eastern Airlines, Inc. through
March 3, 1989, as reflected on the attached Preliminary List

Adversary Proceeding
No. A-99-412
Class Action

of the Claims Settlement Agreement [Docket No. 5119 in Jointly Ad. No. 90-932] is

appended as Exhibit B). CAL agreed in the Claims Settlement Agreement that

approximately 3500 EAL pilots covered by ALPA's Proofs of Claim[3] and identified on a

list[4] attached to the Claims Settlement Agreement were entitled to participate in the

Settlement. As CAL unequivocally agreed that the EAL pilots on the "Eligible Pilots" list

were entitled to participate in the 1994 ALPA/CAL Claims Settlement Agreement as a

result being included in ALPA Proofs of Claim, there can be no dispute that their claims

were timely filed by ALPA. Accordingly, in order to ensure that every new member was

recognized by CAL to have filed a timely claim in these bankruptcy proceedings, the

data processing firm was instructed to compare the "Eligible Pilots" list appended to the

1994 ALPA/CAL Claims Settlement Agreement against the Preliminary List and to

delete the names of all EAL pilots from the Preliminary List which are not on the 1994

---

[3]       Appended as Composite Exhibit 2 to the Settlement Agreement are
ALPA's Proofs of Claims as the "authorized representative" and the "exclusive
collective bargaining representative" of certain specified pilots (those who were pre-
strike). The Proofs of Claim were filed with respect to enforcement of the EAL LPPs
against CAL and expressly included the National Mediation Board proceedings which
this Court initially enjoined, to wit: *"In the Matter of an Application of the Air Line Pilots
Association for an Arbitration Under the Labor Protective Provisions Involving Eastern
Airlines, Inc."*

[4]       The list was subject to verification and supplementation by ALPA prior to
the Bankruptcy Court hearing on the approval of this Settlement Agreement. A review
of the docket sheet in 90-932 from the time the motion to approve the settlement was
filed until the entry of the order approving does not reflect the filing of a supplemental or
corrected list. The undersigned requested CAL's attorney to confirm that no such
supplemental or corrective list was filed or, if there was one, to provide it but has not
received a repose to the request.

7

Adversary Proceeding
No. A-99-412
Class Action

ALPA/CAL Claims Settlement "Eligible Pilots" list.   The result is the List of 256

Additional LPP Class Action Plaintiffs appended hereto as Exhibit A, all of whom were

recognized by CAL as having filed timely claims, through ALPA's Proofs of Claim, in

these bankruptcy proceedings.

8.    Notwithstanding the fact that each of the 256 additional persons identified

on attached Exhibit 1 meets all of the class definition criteria as well as the fact that

CAL agreed that all 256 persons were "Eligible Pilots" as a result of ALPA's filing of

Proofs of Claim on their behalf, CAL now states it will not agree to the inclusion of the

256 New Members because ALPA withdrew its claims as part of the settlement and the

256 pilots did not file individual claims in the bankruptcy.

9.    CAL's position is untenable. The ALPA/CAL Claims Settlement Agreement

was an opt out agreement. If Eligible Pilots elected not to participate in the Settlement

Agreement, they retained the right to pursue their LPP Claims. That is the law of this

case as determined by this Court. In approving the effect of the ALPA/CAL Claims

Settlement Agreement on those who elected not to participate, this Court expressly

ruled on July 19, 1994, in its Order Approving Continental-ALPA Claims Settlement

Agreement, at paragraph 4 that:

> **Those who objected had the clear recourse of refusing
> to participate in the Settlement  and <u>retaining their Claims.</u>**

(Emphasis supplied; a copy of the order, Docket No. 6016 in Jointly Ad. No. 90-932 is

8

Adversary Proceeding
No. A-99-412
Class Action

attached as Exhibit C.) Indeed, if that were not the case, this action could not have been brought. Moreover, a number of the 583 LPP Class Action Plaintiffs CAL has agreed to are persons whose claims were filed by ALPA who did not accept the ALPA/CAL settlement.

10. In addition to being inconsistent, CAL's position is not logical or a fair expression of the spirit and intent of the ALPA/CAL Claims Settlement Agreement. CAL contends that when ALPA withdrew its claims as a result of the settlement, that every pilot who had not filed an individual claim and who did not "elect" to participate in the ALPA/CAL Claims Settlement was left with no claim at all. CAL's new interpretation of the ALPA/CAL Claims Settlement Agreement, made in order to defeat the claims of the newly discovered Class Action Plaintiffs here, was not disclosed in the Claims Settlement Agreement and is contrary to this Court's express ruling discussed above. In addition, it would have been impossible for any EAL pilot who wished to opt out of the Claims Settlement Agreement to timely file a claim on his own because the bar date for the filing of claims had long since passed and there was no provision in the Claims Settlement Agreement to reopen the time for filing claims.

11. CAL also asserts that the release language in the ALPA/CAL Claims Settlement Agreement bars the claims of these New Members. It does not. The release language at paragraph 8(A) of the Settlement Agreement is between the CAL entities and ALPA with the exception of **"individual pilot defendants who do not elect to participate in this Settlement Agreement."** In addition, the release

9

Adversary Proceeding
No. A-99-412
Class Action

language at Paragraph 8(B) of the ALPA/CAL Claims Settlement Agreement states that **"The above release and waiver of all claims arising heretofore shall have no effect at all on (1) any claims or rights of any pilot who has filed a claim for such in the Delaware bankruptcy proceedings and does not participate in this Settlement Agreement..."** Those claims, as have been shown, were filed for the newly discovered 256 pilots by ALPA.

12.     Finally, there are approximately 3500 "Eligible Pilots" identified on the list appended to the ALPA/CAL Claims Settlement Agreement. As this Court noted in its July 19, 1994 Order Approving Continental-ALPA Claims Settlement Agreement at paragraph 4, approximately one third of the pilots elected not to participate in the Settlement. Clearly, Continental has known since 1994 that it had approximately 1167 timely filed LPP claims to resolve. During the 8 year period since the ALPA/CAL Claims Settlement Agreement was approved, the total number of LPP claims has diminished by close to 30% to the 839 persons who meet this Court's criteria to participate in the LPP Class Action. Accordingly, it is respectfully requested that this Court find that the 256 New Members identified on Exhibit A are Class Members entitled to participate in the Class Settlement and direct Continental to fund the settlement for the 256 New Members forthwith.

13.     In addition, Class Counsel respectfully requests a sixty (60) day extension from the current bar date of June 3, 2002 until August 2, 2002, for the filing of Proofs of Claim by the 256 newly discovered Class Members in order to provide Class Counsel

10

Adversary Proceeding
No. A-99-412
Class Action

with sufficient time to serve Notice on said persons of their right to participate in the

Class Settlement in the form attached as Exhibit D.

WHEREFORE, the LPP Class Action Plaintiffs respectfully request the Court to

find that the newly identified former EAL pilots identified on Exhibit 1 are members of

the class; to enter an order requiring CAL to fund the settlement for the new class

members and for a 60 day extension of time to provide notice and for approval of the

form of notice appended to this Motion.

Dated: April 25, 2002

TRALINS AND ASSOCIATES
Attorneys for Class Plaintiffs
2930 One Biscayne Tower
2 S. Biscayne Blvd., Suite 2930
Miami, FL 33131
Telephone: 305-374-330

By: _Myles J. Tralins by Jay Jameson_
Myles J. Tralins
Florida Bar No. 139543

-and-

PRICKETT, JONES & ELLIOTT
1310 King Street
Wilmington, DE 19801
Tel: (302) 888-6500

By: _____
BRUCE E. JAMESON
Delaware Bar No. 2931

11

Ex. f

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | |
| | : | Case No. 90-932 |
| CONTINENTAL AIRLINES, INC., et. al., | : | Chapter 11 |
| Debtors | : | |

---

JAMES BALDRIDGE, WILLIAM MANN,
and LARRY DUNN, individually, and
as representatives of a class of persons
similarly situated who are referred to as
the LPP CLAIMANTS,

          **Plaintiffs,**

v.

CONTINENTAL AIRLINES HOLDINGS, INC.,
CONTINENTAL AIRLINES, INC.,
and SYSTEM ONE HOLDINGS, INC.,

          **Defendants.**

    **Adversary Proceeding**
    No. A-99-412
    Class Action

---

## NOTICE OF CLASS ACTION SETTLEMENT, PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT AND SETTLEMENT HEARING

**TO ALL PERSONS WHO:**

    **(1)  ARE EASTERN AIRLINES FORMER FLIGHT DECK EMPLOYEES IDENTIFIED ON EASTERN AIRLINES' NOVEMBER 1990 ALPHABETICAL SENIORITY LIST;**

    **(2)  WHO CLAIM THEY ARE ENTITLED TO THE BENEFITS OF THE COLLECTIVE BARGAINING AGREEMENT BETWEEN EASTERN AIRLINES AND THE AIR LINE PILOTS ASSOCIATION IN EFFECT AT THE TIME THAT EASTERN AIRLINES ALLEGEDLY MERGED WITH CONTINENTAL AIRLINES HOLDINGS, INC.;**

    **(3)  WHO FILED A TIMELY CLAIM IN THE ABOVE-ENTITLED REORGANIZATION OF CONTINENTAL AIRLINES, INC., CASE NO. 90-932 FOR ENFORCEMENT OF THE LABOR PROTECTION PRIVILEGES EMBODIED IN THE EASTERN AIRLINES COLLECTIVE BARGAINING AGREEMENT EITHER INDIVIDUALLY OR AS A MEMBER OF THE AIR LINE PILOTS ASSOCIATION OR AS A NAMED LABOR PROTECTIVE PROVISION CLAIMANT REPRESENTED BY CLASS COUNSEL IN THE REORGANIZATION AND WHO ARE IDENTIFIED ON EXHIBIT A ATTACHED TO THIS NOTICE;**

*EXCEPT (1) THOSE PERSONS WHO SETTLED, WAIVED OR RELINQUISHED HIS OR HER LPP CLAIM WITH CONTINENTAL AND (2) THOSE PERSONS WHO MOVED TO INTERVENE IN THIS CASE, PURSUANT TO THE "MOTION TO INTERVENE IN ADVERSARY PROCEEDING" FILED NOVEMBER 11, 1999 WHO FILED A NOTICE OF WITHDRAWAL OF HIS OR HER PROOF OF CLAIM IN THIS REORGANIZATION WITH THE CLERK OF THE BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE ON OR BEFORE APRIL 15, 2000.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THE CONTINENTAL DEFENDANTS HAVE AGREED TO A SETTLEMENT OF THIS LITIGATION WHICH PROVIDES FOR FINANCIAL BENEFITS TO THE MEMBERS OF THE CLASS IF THE SETTLEMENT IS APPROVED BY THE COURT.**

**IMPORTANT:**   **IN ORDER FOR YOU TO PARTICIPATE IN THIS SETTLEMENT AND RECEIVE YOUR SHARE OF THE SETTLEMENT BENEFITS, YOU MUST COMPLETE AND RETURN THE ATTACHED PROOF OF CLAIM AND WAIVER AND RELEASE BY NO LATER THAN APRIL 3, 2002.**

    THE PURPOSE OF THIS NOTICE IS TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS CLASS ACTION, COUNSEL'S FEE APPLICATION, THE APPLICATION FOR COMPENSATION AWARDS BY THE CLASS REPRESENTATIVES AND YOUR RIGHTS WITH RESPECT TO THESE MATTERS. THIS NOTICE IS NOT AN EXPRESSION OF OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY PARTY IN THIS ACTION.

    THE PROPOSED SETTLEMENT CONSISTS OF ALLOWED PRE-PETITION GENERAL UNSECURED CLAIMS IN THE CONTINENTAL BANKRUPTCY WITH EACH ELIGIBLE CLAIMANT RECEIVING AN ALLOWED PRE-PETITION GENERAL UNSECURED CLAIM IN THE AMOUNT OF ONE HUNDRED TEN THOUSAND ($110,000.00) DOLLARS RESULTING IN THE DISTRIBUTION OF GROSS SETTLEMENT CONSIDERATION FROM THE CONTINENTAL BANKRUPTCY ESTATE FOR EACH CLASS MEMBER OF 340 SHARES OF CONTINENTAL AIRLINES CLASS B COMMON STOCK AND $83.14 IN CASH MINUS COURT APPROVED FEES, COSTS AND EXPENSES.

    IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT BENEFITS.

    YOU MUST FILE A PROOF OF CLAIM BY APRIL 3, 2002 IN ACCORDANCE WITH PARAGRAPH 15 BELOW TO RECEIVE ANY SHARE OF THE SETTLEMENT BENEFITS TO WHICH YOU MAY BE ENTITLED.

    IF, AFTER READING THIS NOTICE, YOU HAVE QUESTIONS CONCERNING THE SETTLEMENT, THE SETTLEMENT FAIRNESS HEARING OR ANY OF THE INFORMATION CONTAINED IN THIS NOTICE, YOU MAY CALL OR WRITE TO THE CLAIMS ADMINISTRATOR AT:

**EAL LPP Class Action Settlement**
**The Garden City Group, Inc.**
**Claims Administrator**
**105 Maxess Road**
**Melville, NY 11747**
**1-800-327-3664**
**WWW.EALLPPCLASSACTION.COM**

DO NOT WRITE TO OR TELEPHONE THE COURT.

    You are not entitled to share in the Settlement if you have already settled your labor protective provision (LPP) claim against the Defendants and signed a release or if you withdrew your Proof of Claim in the Continental bankruptcy proceedings.

## TABLE OF CONTENTS

| | | PAGE NO. |
|---|---|---|
| I. | SUMMARY OF THE LITIGATION | 2 |
| II. | CONTINENTAL'S DENIAL OF LIABILITY | 2 |
| III. | DISCOVERY/FACTUAL INVESTIGATION | 2 |
| IV. | SUMMARY OF THE PROPOSED SETTLEMENT | 3 |
| V. | SUBMISSION OF PROOFS OF CLAIM | 3 |
| VI. | RECOMMENDATION OF COUNSEL | 3 |
| VII. | APPLICATION FOR ATTORNEYS' FEES, COSTS, DISBURSEMENTS AND COMPENSATION AWARD TO PLAINTIFFS | 3 |
| VIII. | RIGHT TO OBJECT | 4 |
| IX. | SETTLEMENT FAIRNESS HEARING | 4 |
| X. | SCOPE OF THIS NOTICE AND FURTHER INFORMATION | 4 |

## I.  SUMMARY OF THE LITIGATION

1.    The *Baldridge* litigation is a class action lawsuit filed in October 1999 as an adversary proceeding in the United States Bankruptcy Court for the District of Delaware in the Continental Airlines bankruptcy proceedings (*In re Continental Airlines*, Case No. 90-932) by James Baldridge, William Mann and Larry Dunn. The defendants in the bankruptcy proceedings are Continental Airlines Holdings, Inc., Continental Airlines, Inc. and System One Holdings, Inc.

The litigation was instituted pursuant to a settlement agreement reached between the *Continental* defendants and the *Class Representatives* after almost nine years of arbitration, litigation and appellate proceedings in order to obtain a binding determination on a class-wide basis of the measure of damages applicable to the labor protective provision claims filed on behalf of or by Eastern Airlines flight deck employees in the Continental Airlines bankruptcy proceedings.

2.    Plaintiffs contended that as a result of prior litigation and appeals which established that Continental had the right to substitute the equitable remedy of monetary damages as a general prepetition unsecured claim in bankruptcy  to satisfy the labor protective provisions' right to seniority integration if a merger between Eastern Airlines and Continental occurred (*In re Continental Airlines*, 125 F.3d 120, (3rd Cir. 1997) *cert. denied* 118 S. Ct. 1049, 140 L. Ed. 2d 113 (1998)), that the value of the Eastern flight deck crew members LPP claims should be calculated from the date of seniority integration through the date of each otherwise eligible Eastern pilot's normal retirement date.

3.    In response to the lawsuit, Continental denied that the value of the LPP claims should be calculated from the date of seniority integration through the date of each otherwise eligible Eastern flight deck employee's normal retirement date and affirmatively asserted that the LPP claims are limited to one year's back pay pursuant to 11 U.S.C. §502(b)(7) (the Bankruptcy Code).

4.    The Court has certified this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

5.    The Court has ruled on the merits of Plaintiffs' claim, declaring that the LPP claims are limited by 11 U.S.C. §502(b)(7).

6.    A notice of appeal of the Court's ruling was timely filed with the United States District Court for the District of Delaware.  The briefing schedule has been continued pending approval of the Settlement.

## II.  CONTINENTAL'S DENIAL OF LIABILITY

7.    The Continental defendants deny, and continue to deny, that Texas Air's acquisition of Eastern Airlines resulted in a merger between Continental and Eastern.  The Continental defendants have denied, and continue to deny, that any Eastern flight deck crew member has a right to seek seniority integration and/or compensation from Continental because no such merger occurred.  The Continental defendants have denied, and continue to deny, that even if a merger did occur, that plaintiffs are entitled to value their compensation claims from the date of the alleged merger until each plaintiff's normal date of retirement.  The Continental defendants maintain that the determination of the Bankruptcy Court limiting the value of the claims to one year's back pay pursuant to 11 U.S.C. §502(b)(7) (the Bankruptcy Code) will be affirmed on appeal.  The Continental defendants entered into the Settlement solely to avoid the substantial continuing expense, burden, inconvenience, distraction and risk of continued litigation, and to put to rest the claims raised or which could have been raised, in the litigation.

## III.  DISCOVERY/FACTUAL INVESTIGATION

8.    Class Counsel has, since 1991, conducted extensive factual investigation of the claims asserted in the Litigation. During the eight and one half years preceding the filing of this litigation, Class Counsel reviewed and conducted an in-depth analysis of approximately one million pages of documents including hundreds of thousands of pages of business records, court documents, public filings and discovery materials on the issues raised by this litigation. This review and analysis included extensive materials regarding the acquisition of Eastern Airlines by Texas Air Corporation; the Securities and Exchange Commission filings of Eastern, Continental and Texas Air; filings and administrative actions by the United States Department of Transportation regarding Eastern, Continental and Texas Air; filings and administrative actions by the Federal Aviation Administration regarding Eastern, Continental and Texas Air; the bankruptcy court proceedings of Eastern Airlines filed as *In re Ionosphere Club* in the Bankruptcy Court for the Southern District of New York, including various adversary proceedings concerning the disposition of Eastern's assets; appeals regarding Eastern's obligation to arbitrate the LPP issues; the proceedings brought by the Eastern Estate against Continental regarding the transfer of assets from Eastern to Continental; administrative proceedings regarding the alleged "single-carrier" status of Eastern and Continental; the bankruptcy court proceedings of Continental Airlines in the United States Bankruptcy Court for Delaware and various appeals taken therefrom; the business records of Eastern Airlines regarding the transfer of assets to Continental; documentation and materials obtained through discovery, including depositions and interrogatories, in the National Mediation Board proceedings and in related litigation regarding the alleged merger of Eastern and Continental under the LPPs; System Board of Adjustment proceedings regarding the purpose and intent of the Alleghany-Mohawk provisions of the Eastern pilots' collective bargaining agreement which provides for seniority integration in the event of a merger; and materials, transcripts, audio and video tapes and recordings, and detailed employment and financial information provided by hundreds of members of the class. Utilizing this extensive factual investigation, Class Counsel analyzed the theories of liability on which the Litigation and the underlying arbitration are based, as well as the Defendants' defenses to the claims that have been asserted in the same.  The discovery and factual investigation conducted by the Class Counsel provided Class Counsel with a thorough familiarity of the liability and damages aspects of the claims asserted in the Litigation and underlying arbitration and assisted Class Counsel in evaluating the fairness and adequacy of the Settlement.

## IV.  SUMMARY OF THE PROPOSED SETTLEMENT

9.    Prior to the institution of this action, the Third Circuit Court of Appeals had affirmed the reversal obtained by Class Counsel of the Bankruptcy Court's 1993 Orders enjoining the National Mediation Board arbitration from proceeding as to Continental and judicially estopping Continental from litigating whether or not it was bound by the Eastern collective bargaining agreement if it was determined that a merger occurred.  The Third Circuit also affirmed the decision of the Bankruptcy Court determining that the equitable remedy of seniority integration constituted a claim within the meaning of the Bankruptcy Code which was convertible to money damages as a general, dischargeable, unsecured claim entitled to no administrative priority.  After the United States Supreme Court declined to review the Third Circuit's decision, Class Counsel initiated arbitration proceedings against Continental on the merger issue with the National Mediation Board.  Recognizing that even if the National Mediation Board ruled that a merger occurred triggering the LPPs against Continental and that said decision was sustained on appeal, Continental would exercise its judicially mandated right to convert the equitable remedy into general, dischargeable, unsecured claims in bankruptcy, and a second round of protracted litigation and appeals would ensue regarding the valuation of the LPP claims in bankruptcy, Class Counsel engaged in negotiations with Continental leading to the Settlement now before the Court for approval.  The Settlement required Class Counsel to bring an action on behalf of all eligible EAL pilots to obtain a final declaratory ruling on a class-wide basis as to whether the value of the Eastern flight deck crew members' LPP

claims should be calculated from the date of seniority integration through the date of each otherwise eligible Eastern pilot's normal retirement date, as the LPP Claimants contended, or whether the LPP claims, as Continental maintained, are limited to one year's back pay pursuant to 11 U.S.C. §502(b)(7) of the Bankruptcy Code.

10.     In consideration for proceeding with and obtaining a determination of this issue, Continental agreed to value each eligible Eastern pilot's claim at One Hundred Ten Thousand ($110,000.00) Dollars, even if the Court ruled that Continental's position was correct and the claims limited to one year's back pay. Continental also agreed that if the Court determined that the value of the Eastern flight deck crew members' LPP claims should be calculated from the date of seniority integration through the date of each otherwise eligible Eastern pilot's normal retirement date, the Class would be entitled to proceed with the National Mediation Board arbitration in order to determine whether or not a merger occurred in lieu of the Settlement.
The Court ruled on the merits of Plaintiffs' claim, declaring that the LPP Claims are limited to one year by 11 U.S.C. §502(b)(7).  The $110,000.00 valuation for each member of the Class' LPP claim is substantially greater than the allowed claim would otherwise be if, after arbitration and litigation, it was determined that a merger occurred.

11.     The Settlement Agreement thus provides that if the Settlement is approved by the Court, the Class shall receive the following Gross Settlement Consideration:

        Each Eligible Claimant shall receive an allowed pre-petition general unsecured claim in the amount of One Hundred Ten ($110,000.00) Thousand Dollars and each such allowed claim will be funded with 340 shares Continental Airlines Class B Common Stock and $83.14 in cash.

12.     If the Court grants Final Approval of the proposed Settlement of the Litigation, and enters judgment thereon, the Gross Settlement Consideration shall be reduced by the settlement costs, attorneys' fees, reimbursement of expenses and class representative compensation approved by the Court (see Section VII, paragraphs 17 and 18 below).  The remaining Net Cash Settlement Amount will thereafter be distributed to the members of the Class pursuant to the Settlement Agreement  which has been submitted by Class Counsel for the approval of the Court.

13.     **The Release of Settled Claims.**  The claims that are being released (the "Settled Claims") are any and all claims and causes of action, for any form of relief, that have been or could have been asserted by the Class, or any individual Class member against the Released Parties, including without limitation any claim; arising out of or relating to the allegations which were or could have been made in the Litigation.  Approval of the Settlement will release and discharge the Settled Claims against the bankruptcy estate of Continental Airlines, Inc. and its affiliated debtors, Continental Airlines Holdings, Inc., Continental Airlines, Inc. (the reorganized entity and its affiliates), System One Holdings, Inc., ExpressJet Airlines, Inc. a/k/a Continental Express, Continental Micronesia, Inc., its subsidiaries and affiliates, and its and their directors and officers, stockholders, employees, attorneys, agents, and representatives (the "Released Parties") and the Settlement will result in the dismissal of all such actions or claims.  A full description of the Settled Claims, the release and discharge, and the bar on commencing any action or other proceeding is set forth in the Settlement Agreement, which is available on the website established for this Class Action Settlement at WWW.EALLPPCLASSACTION.COM or from Class Counsel or at the Court.

14.     **Termination Provisions.**  If the Court does not approve the proposed Settlement or it is terminated by the Parties in accordance with its terms, the rights and duties of the Parties will continue as if no Settlement Agreement has been reached and members of the Class will have no rights in or to the proposed Gross Settlement Consideration.

## V.  SUBMISSION OF PROOFS OF CLAIMS

15.     In order for you to share in the Net Cash Settlement Amount:
(i)     You must submit a properly executed Proof of Claim (a copy of which accompanies this Notice) and mail it to:

**EAL LPP Class Action Settlement**
**The Garden City Group, Inc.**
**Claims Administrator**
**105 Maxess Road**
**Melville, NY 11747**

no later than April 3, 2002. Each Proof of Claim shall be deemed filed when postmarked (if properly addressed and mailed by first class mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been filed when it is actually received at the above address.
(ii) Your Proof of Claim must satisfy the following conditions:
        (a) It must be properly filled out, signed under penalty of perjury, and filed in a timely manner in accordance with the provisions of the preceding paragraph;
        (b) It must be complete and contain no material deletions or modifications of any of the text (except for your corrections, if any, to your name, address, and other personal data).

## VI.  RECOMMENDATION OF COUNSEL

16.     Class Counsel recommends the Settlement as fair, reasonable, and adequate based on the comprehensive factual investigation and legal analysis which was conducted.  Class Counsel weighed the benefit of the Gross Settlement Consideration against the risks of continued litigation.  The risks considered included: an assessment of Defendants' asserted defenses, including sharply disputed issues of fact; the probability of reversing the decision of the bankruptcy Court's decision applying 11 U.S.C. §502(b)(7) to the LPP claims; the time involved in additional appeals of the Bankruptcy Court decision; the uncertainty in predicting the outcome of an arbitration on the issue of the alleged merger between Eastern and Continental; the probabilities of additional appeals with respect to the outcome of any such arbitration; the limitation on damages available from such arbitration if the Bankruptcy Court's decision is sustained; the potential for the diminishment of the fund available for payment of the claims in the Continental bankruptcy; and the risks and delay of an appeal by the Parties not prevailing at the arbitration.

## VII.  APPLICATION FOR ATTORNEYS' FEES, COSTS, DISBURSEMENTS AND COMPENSATION AWARD TO PLAINTIFFS

17.     If this Settlement is approved by the Court, Class Counsel will request the Court to award attorneys' fees of Thirty Percent (30%) of the Gross Settlement Consideration. Class Counsel will also seek reimbursement of litigation expenses which are estimated not to exceed $100,000.00.  To the extent approved by the Court, the distributions to Class Members will be reduced by such attorneys' fees, costs, and expenses, as well as Settlement Administration Costs.  Settlement Administration Costs are all Court-approved reasonable costs and expenses incurred in connection with the preparation, printing, mailing and/or publication of this Class Settlement Notice and Summary Notice, the administration of the Proofs of Claim filed by members of the Class and the distribution of the Gross Settlement Consideration.  Members of the Class are not otherwise responsible for attorneys' fees, costs, and expenses.  Class Counsel has an agreement with Eastern Pilots for Fairness, Inc. ("Corporation"), a not-for -profit corporation which has provided economic support for this litigation since 1991, whereby Class Counsel will reimburse the Corporation and its members in good standing (who are also Class Members) from the attorneys' fees awarded to Class Counsel a portion of the monies they have advanced so that all Class Members will bear on a pro rata basis the attorneys' fees and expenses for the result achieved on behalf of the Class.  The sole basis for this partial reimbursement is to ensure that those Class Members who have already advanced monies on behalf of the Class do not bear an unduly disproportionate amount of the costs and attorneys' fees.

18.     Class Counsel intends to apply to the Court for the payment of a compensation award of 1,700 shares of Continental Airlines stock for each of the three named Class Representative Plaintiffs, James Baldridge, William Mann, and Larry Dunn for the ten years of significant time, labor and effort expended by them in this matter. To the extent approved by the Court, the compensation awards will be paid from the Gross Settlement Consideration and the distribution to Class Members will be reduced on a pro rata basis by such compensation awards. In addition to actively participating in the Litigation and in all administrative and judicial proceedings since 1991 which led up to and were necessary for the Litigation, the three Class Representatives were in constant contact with members of

the Class and with Class Counsel, coordinating fund raising, assisting in document production, interfacing with communications with class members and providing support services for all legal proceedings.

## VIII. RIGHT TO OBJECT

19.    The Settlement Agreement will not become effective until it is approved by the Court as fair, reasonable, and adequate and Final Judgment is ____ered dismissing the claims of the Plaintiff and the Class with prejudice. Any member of the Class, either in person or through counsel, may appear at the Settlement Hearing scheduled for January 31, 2002, and be heard on whether (i) the proposed Settlement of the Litigation should be approved as fair, reasonable, and adequate; and (ii) there should be an award of attorneys' fees, costs, and expenses, including compensation awards to the Class Representatives. No member of the Class shall be heard or entitled to contest the approval of the Settlement terms and conditions, of the awards, fees, costs, and disbursements requested, unless on or before January 18, 2002, that person has filed said objections in writing and copies of any supporting papers and briefs with the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware. Copies of the objections filed must also show proof of service upon each of the following:

| | |
|---|---|
| Myles J. Tralins | Robert Brady |
| Tralins And Associates | Young, Conaway, Stargatt & Taylor |
| One Biscayne Tower | The Brandywine Building |
| 2 S. Biscayne Blvd., #2930 | 1000 West Street, 17th Floor |
| Miami, FL 33131 | Wilmington, DE 19801 |
| <u>Attorney for the Class</u> | <u>Attorney for Defendants</u> |

any member of the Class who has not made his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be preclo
sed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement. IF YOU APPROVE OF OR DO NOT OPPOSE THE SETTLEMENT, OR THE APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS, EXPENSES AND COMPENSATION AWARDS, YOU DO NOT NEED TO APPEAR AT THE HEARING.

## IX. SETTLEMENT FAIRNESS HEARING

20.    The Court will conduct a Settlement Fairness Hearing on January 31, 2002, commencing at 2:00 p.m. at the United States Courthouse, 844 King Street, Wilmington, Delaware 19801 in Courtroom 1 for the following purposes: (1) to determine whether the Class Representatives and Class Counsel adequately have represented the interests of the Class to satisfy the requirement of due process; (2) to consider whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants now pending in this Court under the above caption; (3) to determine whether the Amended Order granting class certification previously filed by the parties should be entered (4) to consider whether judgment should be entered releasing the claims in the Complaint; (5) to consider whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the previously certified Class certified for purposes of the Settlement, and who have not been excluded therefrom; and (6) to consider whether and in what amount to award Class Counsel fees and reimbursement of litigation expenses; and (7) to consider whether and in what amount to award compensation awards to the Class Representatives.

21.    The Court has reserved the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court as further reserved the right to enter the Order and Final Judgment dismissing the Complaint on the merits and with prejudice as against the Plaintiff and all Class members, regardless of whether it has approved the attorneys' fees and expenses. The Court has also reserved the right to adjourn the Settlement Fairness Hearing without further notice.

## X. SCOPE OF THIS NOTICE AND FURTHER INFORMATION

22.    THIS NOTICE CONTAINS ONLY A SUMMARY OF THE LITIGATION AND THE PROPOSED SETTLEMENT. FOR MORE COMPLETE INFORMATION CONCERNING THESE MATTERS, YOU MAY INSPECT THE PLEADINGS, SETTLEMENT AGREEMENT, AND OTHER PAPERS ON FILE IN THIS LITIGATION DURING NORMAL BUSINESS HOURS AT THE OFFICE OF THE CLERK, UNITED STATES DISTRICT BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, UNITED STATES COURTHOUSE, 844 KING STREET, WILMINGTON, DELAWARE 19801.

23.    You may telephone or write to the Claims Administrator for additional information or for copies of the Settlement Agreement at:

**EAL LPP Class Action Settlement**
**The Garden City Group, Inc.**
**Claims Administrator**
**105 Maxess Road**
**Melville, NY 11747**
**1-800-327-3664**
**WWW.EALLPPCLASSACTION.COM**

) NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION.

ted: November 21, 2001

BY ORDER OF THE COURT
Clerk of the Court
United States District Court
for the District of Delaware

# EXHIBIT A

Abbott, Robert D.
Aber, L.A.
Abrams, Billy L.
Adams, Jr., J.T.
Adams, Keith J.
Alexander, Harold
Alford, Wayne L.
Alvarez, Jr. Jose A.
Anderson, Ronald R.
Andrews, Jr. George M.
Angeletti, Thomas J.
Armstrong, III F.C.
Arnott, Brian G.
Atteberry, William M.
Ayer, K.H.
Baalen, P.
Babbitt, Randolph J.
Baldoni, L.A.
Baldridge, James H.
Balukonis, V.J.
Baque, III Frank
Barge, Patrick S.
Barnes, H. Bryant
Barnes, William H.
Barrero, Frank
Bartlett, David R.
Bauch, James H.
Beard, Ronald E.
Beattie, Donald G.
Beaty, Gregory L.
Behr, Peter J.
Bell, D.A.
Bell, L.
Beltran, J.E
Berghane, D. A.
Bergstein, D.S.
Berry, A.L.
Berwick, T.N.
Beveridge, A.L.
Bialko, Peter J.
Biggs, Clifford G.
Bisgnano, Charles
Bjelkevig, Richy A.
Blackburn James R.
Blair, T.D.
Blankenship, Jr. O.T.
Blix, Victor E. III
Boja, Robert N.
Bonna, F.
Boswell, L.L.
Brablec, Douglas D.
Bradley, W.D.
Bradley, R.
Brandt, William. M.
Braynon, Oscar J.
Bredthauer, Dirk
Bromschwig, Kurt F.
Brown, Walter R.
Browning, David L.
Bryant, Charles C.
Buchanan, E.J.
Bundrant, William D
Bunn, Larry D.
Buntin, Edward S.
Burke, R.T.
Burke, John A.
Burkhart, Ronnie L.
Burns, David A.
Butler, David S.
Butts, Ronald G.
Carl, George L.
Carlson, Bruce E.
Carter, Bruce. R.
Carter, D.L.

Cas... Douglas W.
Cha..., Bruce
Cha...page, Carl M.
Cha..., James E.
Cha...es, Jonathan
Che..., Raymond T.
Chir...o, Rafael E.
Chri...pher, Anthony S.
Cirr...l, Dennis J.
Clar... Ronald D.
Clar... D.E.
Clar... W.C.
Clar... Wesley C.
Clar... B.K.
Clar... M.R.
Coc...ro, D.J.
Coh... Alan S.
Cole...on D.
Cole... William F.
Colli... J.
Colli... W.R.
Com...nder, Jr. John B.
Com...on, John P.
Con...l, E.W.
Con...ly, James M.
Cont... R.G.
Coo... Carl D.
Coo... Kenneth E.
Coo...r, T.L.
Cor...l, Ray
Cow...l, John B.
Craig... Robert L.
Cran... W.E.
Crau... C.M.
Craw...d, D.B.
Cro... Kenneth P.
Crus... James M.
Curr... T.R.
Dan... Jr., James W.
David...on, William F.
Davi... Charles B.
Davi... Gerald O.
Davi..., David J.
Davo... W.P.
De P...lips, Floyd M.
Deet... James L.
Dela... David J.
Dem..., Maurice A.
Deve...aux, John A.
Devic... John R.
Dicki...on, Randall L.
Dickm...n, George A.
Dixon... C.W.
Dixon... arroll
Dobs..., Gordon W.
Doct...hik, Scott
Dods..., Bonnie U.
Dods..., Theodore E.
Dogli...e, Frank
Dono...n, M.D.
Dono...n, M.F.
Dortic...s, Raul H.
Dubli... Robert S.
Duck...rth, Thomas O.
Dug..., T.R.
Dunc..., Charles P.
Dunn... .J.
Dunn... .A.
Dura..., J.P.
Durki... G.P.
Dyer, ...arles G.
Dylon... J.
Ealy, ... .L.
Eastm...n, J.D.
Edwa...s, K.A.

Egut, Ronald S.
Eldridge, Dorothy J.
Elmdanat, R.
Emery, James C,
Engelke, Marc J.
Engelke, Warren L.
Erickson, Alan W.
Evans, R.H.
Fahn, C.L.
Fant, Jr. Glenn E.
Farenga, J.H.
Farnsworth, Earnest L.
Farnsworth, K.L.
Farrell, Richard L.
Faulkner, H.C.
Feliu, John E.
Finch, R.A.
Fisher, III Joel F.
Fong, G.W.
Foresto, J.M.
Forsberg, Scott
Foster, Hubert E.
Foster, Robert W.
Fowells, James E.
Francis, R.H.
Frank, William
Frater, K.X.
Frazier, Bennie W.
Freyles, Luis R.
Friedrichs, Howard W.
Fritch, Donald A.
Frost, Wayne B.
Fryling, Albert A.
Fugedy, J.J.
Gaedtke, M.L.
Gaedtke, Michael L.
Garcia-Vergara, H.
Gardner, David E.
Gary, Carrol J.
Garza, E.
George, Henry R.
Geraghty, James D.
Gibson, Randall
Gordon, D.G.
Gorman, Barry William
Govatos, John D.
Grafton, Jr. J.R.
Grau, F.L.
Green, Grant S.
Green, G.A.
Greene, David L.
Greksa, G.J.
Grenie, A.A.
Gribas, Kenneth
Griffin, Donny E.
Griffith, Bobbie
Griggs, R.P.
Groff, W.V.
Grubbs, R.E.
Gruetzner, Allen
Grzegorzak, S.K.
Gunn, George H.
Gurl, John T.
Gurley, Louis E.
Hall, B.W.
Hall, Howard W.
Halloran, D.J.
Hamilton, Walcott B.
Haney, Fred C.
Hansen, P.W.
Hanshaw, R.G.
Harn, George F.
Harrell, Bruce
Harris, R.J.
Hartley, J.D.

Hassett, P.R.
Hastings, Gregory A.
Hauth; David A.
Hawkins, Thomas R.
Hiatt, Jr. H.W.
Higgins, R.F.
Hill, W.B.
Hinsdale, James P.
Hipps, William D.
Hodgers, Benjamin
Hooton, J.W.
Houston, Charles M.
Howard, C.A.
Howard, Charles B.
Howard, James W.
Huddleston, J.D.
Huges Jr., James X.
Hunter, Richard I.
Hurley, Jay
Hutchin, Robert A.
Hutson, R.T.
Ingram, Capt. Culpepper F.
Inman, Brownie N.
Iranipour, F.
Jacobowitz, L.
Jansen, C.W.
Jaye, Mamadou D.
Johansen, William H.
Johnson, R.A.
Johnson, C.T.
Johnson, G.M.
Johnson, Richard A.
Johnson, R. A.
Johnson, Robert E.
Jones, John L.
Jordan, W.O.
Kalantsri, F.
Kane, S.G.
Keeler, R.L.
Kennedy, M.J.
Khan, N.
Kimble, R. L.
Kingwell, R.A.
Kluthe, D.B.
Koziol, R. L.
Kritcher, Lawrence N.
Krueger, Fred W.
Kucklick, Joe
Kurtz, Hugo E.
Laine, J. R.
Laing, R. C.
Lamaute, L.L.
Lambies, J. M.
Lamecker, D. R.
Landa, George
Landry, Jr. Donald J.
Lane, F. W.
Lane, Jr. Gordon B.
Lane, Malcolm V.
Langer, Lawrence E.
Lantz, K. M.
Latham, Richard C.
Lavarello, E. F.
Lawrence, Charles W.
Lea, Robert G.
Lee, J. R.
Lee, Allan R.
Lelyman, L.G.
Leonhardt, Stephen J.
Levy, Simon
Lewandowski, R.A.
Lewicki, John A.
Lewis, Gary M.
Liebing, Kurt M.
Lindell R.W.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Chapter 11 |
| CONTINENTAL AIRLINES, INC., et. al ) | |
| ) | |
| Debtor ) | |
| ) | Case No. 90-932 & 90-933 (MFW) |
| _____ ) | |
| ) | |
| **Brownie N. Inman** ) | Civil Action No. 06-569 (SLR) |
| ) | |
| Appellant ) | |
| v. ) | |
| ) | |
| JAMES BALDRIDGE, WILLIAM MANN ) | |
| and LARRY DUNN. ) | |
| Representatives of the LPP CLAIMANTS, ) | |
| ) | |
| and ) | |
| ) | |
| CONTINENTAL AIRLINES, INC. ) | |
| ) | |
| Appellees, ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I, Brownie N. Inman, certify that I am not less than 18 years of age, and that service of the **RESPONSE OF APPELLANT TO MOTION OF APPELLEE CONTINENTAL AIRLINES , INC. FOR AN ORDER (I)DISMISSING APPEALS, (II) AWARDING DAMAGES PURSUANT TO FRAP 38 AND BANKRUPTCY RULE 8020, AND (III) ENJOINING APPELLANTS** was made on October 9, 2006, 2006, upon the attached service list by first class mail, unless otherwise specified.

Under penalty of perjury, I declare that the foregoing is true and correct.

Brownie N Inman  Pro Se
18905 SW 128 Ct
Miami Fl 33177
305-2546648 Home
305-8015227  Cell

Counsel for Continental Airlines:
Robert Brady, Esq.
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17 Floor
Wilmington, DE 19801
(302) 571-6600


Counsel for LPP Claimants:
Bruce Jameson, Esq.
Prickett, Jones & Elliott
1310 King Street
Wilmington, DE 19801
(302) 888-6532


United States District Court
for the District of Delaware
J. Caleb Boggs Federal Bldg
844 North King Street
Wilmington, DE 19801-3519
(302) 573-6170